## FRANKLE *v.* JACKSON.

*(Circuit Court, D. Colorado.* January 9, 1888.)

TRESPASS—ORIGINAL ENTRY—SUBSEQUENT USER—LIMITATION OF ACTIONS.
In an action against a railroad company for damages to plaintiff's hotel property, caused by a main and side track on the street in front thereof, and for loading and unloading cars, and allowing them to stand on the tracks, *held,* where the damages, as to the main track, are barred by the statute of limitations, plaintiff may recover, for the side track, such damages as are not due to the main track.

At Law. Action for damages.

Plaintiff, Frankle, sued defendant, Jackson, receiver of the Denver & Rio Grande Railroad Company, for damages to her property caused by laying of tracks on the street in front of her property, and the use of them. Trial to the court, and judgment for plaintiff for $300.

*Browne & Putnam,* for plaintiff.

*E. O. Walcott,* for defendant.

BREWER, J. This case, which is an action for damages to plaintiff's lots and buildings in this city, caused by placing a railroad track and side track on the street in front thereof, and by the loading and unloading of coal cars, and permitting them to stand an unreasonable length of time, thus converting the street into a coal-yard, came before me last spring on a demurrer to the answer. 30 Fed. Rep. 398. I then ruled that so much of the complaint as counts on damages for the unlawful entry in respect to the main track, was barred by the statute of limitations, that having been made in 1871, which left the case one simply for damages for the construction of the side track, and for improperly permitting cars to remain on the track, and for using the street as a coal-yard. The case on its merits was tried last Friday, and tried before me without a jury, and, in order that I might be thoroughly advised, I was taken to the premises and examined them with counsel.

The side track in front of the plaintiff's premises deflects from the main track but slightly, and yet it is an additional track, which, of course, in the management of the railroad, brings more cars, induces the leaving of standing cars more often, and for a greater length of time, so that it is fair to say that there is some damage caused by the putting in of that side track. And, for at least five or six months of every year, according to the testimony, it is not an uncommon thing to switch cars onto this side track, and leave them there while coal is being unloaded for purposes of delivery to customers. Indeed, when we visited the premises, two cars were thus standing on the side track while coal was being unloaded into wagons.

It is one of those cases where it is hard to reason out exactly what the damages are. It is a good deal as when you cut off a man's hand,—you cannot by any mathematical processes demonstrate the value of that hand; and the court, sitting as a jury, has only to exercise its discretion

and judgment, after examining the premises and hearing the testimony, as to what would be fair and reasonable compensation. I can but think, and I believe every one will agree with me, that it is a damage to premises used, as these, for hotel purposes, to have a railroad track running up and down the street in front thereof, and the more it is used, the more cars are permitted to stand there, the more it is an injury to the premises. And yet I think the main damage in this case arises from the construction of the original track; and that was in 1871, and must be considered barred.

The plaintiff sues for $11,000. Of course, in that she claimed and undoubtedly relied largely on the injury to her premises from this main track, which turned that street largely away from its ordinary use for vehicles, and to railroad purposes.

I think if the plaintiff is awarded $300 she will receive compensation for all the damages which the property has sustained from the placing of this side track, which exists for only part of the distance in front of her property, and for the injury which the use of the track, for unloading cars and standing cars, has caused. So judgment will go in her favor for that amount.